UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERCONTINENTAL TERMINAL CORPORATION, LLC, Plaintiff, | § § § § § |
| v. | §  CIVIL ACTION 4:18-cv-3113 § § ADMIRALTY |
| AFRAMAX RIVER MARINE CO., EXECUTIVE SHIP MANAGEMENT PTE LTD. M/T AFRAMAX RIVER Defendants. | § § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, INTERCONTINENTAL TERMINAL CORPORATION, LLC (hereinafter "Plaintiff"), complaining of Defendants, AFRAMAX RIVER MARINE CO., EXECUTIVE SHIP MANAGEMENT PTE LTD, and M/T AFRAMAX RIVER (hereinafter collectively "Defendants"), and would respectfully show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, INTERCONTINENTAL TERMINAL CORPORATION, LLC, is a Texas corporation with principal place of business located in La Porte, Texas.

2. Defendant *in rem*, M/T AFRAMAX RIVER, is a tanker vessel. At times relevant to this matter, M/T AFRAMAX RIVER's operations were within the navigable waters of the United States and the jurisdiction of this Court.

3. Defendant *in personam,* AFRAMAX RIVER MARINE CO., is a foreign corporation with its principal place of business located in Athens, Greece.

4. Defendants M/T AFRAMAX RIVER and AFRAMAX RIVER MARINE CO., may be served pursuant to the Letter of Undertaking by serving its counsel of record, William D. Durham, Eastham, Watson, Dale & Forney, LLP, at 808 Travis Street, Suite 1300, Houston, Texas 77002, a copy of Plaintiff's Original Complaint through e-service, durham@easthamlaw.com.

5. Defendant, EXECUTIVE SHIP MANAGEMENT PTE LTD, is a foreign corporation with its principal place of business located in Singapore, China. Defendant is doing business under the assumed name Executive Shipping Services, Inc., located at 4655 Sweetwater Blvd., Suite 650, Sugar Land, Texas 77479. Defendant may be served with Service of Process on its registered agent, Naval Aranke, at 4655 Sweetwater Blvd., Suite 650, Sugar Land, Texas 77479. **Service is requested at this time.**

## II. JURISDICTION

6. This is a cause of action within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. This claim involves an allision which occurred in waters subject to U.S. jurisdiction, and the Court therefore has jurisdiction over the negligence claims asserted under the general maritime laws of the United States for a tort committed on the high seas.

7. The *in rem* Defendant, M/T AFRAMAX RIVER, at relevant times was located in the waters within the Southern District of Texas. Security in the form of a Letter of Undertaking has been provided by the Owner of the M/T AFRAMAX RIVER in lieu of the arrest of the vessel. The Letter of Undertaking replaces the property for purposes of the in rem action asserted against the M/T AFRAMAX RIVER.

## III. FACTUAL ALLEGATIONS

### A.  The Vessels and Mooring Dolphins Involved in the Accident

8.  Plaintiff INTERCONTINENTAL TERMINAL CORPORAITON, LLC owns and operates the facility ("the Facility") made the subject of this suit – a terminal with five (5) deep-draft tanker berths and ten (10) barge docks located on the south side of the Houston Ship Channel at the mouth of Tucker Bayou.  Plaintiff owns two mooring dolphins near the terminal associated with dock 7 ("MD1") and dock 8 ("MD2").

9.  M/T AFRAMAX RIVER (also referred to as "the Vessel"), a Panamanian flagged double-hull crude-oil tanker, was built in 2002 by Imabari Shipbuilding Saijo Dockyard in Saijo, Japan.  The Vessel was originally named "Singapore River" and classified by Nippon Kaiji Kyokai ("ClassNK").  In November 2011, in Athens, Greece, AFRAMAX RIVER MARINE CO. purchased and renamed the Vessel M/T AFRAMAX RIVER.

10.  Upon information and belief, at all material times, Defendant AFRAMAX RIVER MARINE CO. was the charterer and/or owner of the M/T AFRAMAX RIVER.  On or about September 3, 2016, M/T AFRAMAX RIVER arrived at the Houston Fuel Oil facility with a cargo of marlim crude oil.  It was moored starboard side to the Facility's berth No.  3.

11.  Upon information and belief, at all material times, Defendant EXECUTIVE SHIP MANAGEMENT PTE LTD provided the crew and technical management for M/T AFRAMAX RIVER.

### B.  Loss Incident

12.  On or about September 6, 2016, two pilots from the Houston Pilots Association boarded the fully ballasted M/T AFRAMAX RIVER at the Houston Fuel Oil Dock.

13.  The incident occurred in the Houston Ship Channel near the Facility.

14. At approximately 11:36 pm the M/T AFRAMAX RIVER had the mooring lines let go and began dead-slow-ahead on the main engine.

15. At approximately 11:42 pm, with the tugboat Jess Newton made up alongside the tanker's port quarter and the tugboat Gasparilla alongside its port bow, the M/T AFRAMAX RIVER was pulled away from the dock.

16. At approximately 11:59 pm, the conning pilot ordered dead-slow-astern propulsion (30 rpm). Roughly five (5) minutes later, the ship's astern movement was not slowing and the engine was not responding.

17. During the course of maneuvering into the channel, the M/T AFRAMAX RIVER failed to navigate its intended course, and thereafter collided with the northern most mooring dolphins at the Facility's pier with berths 7A and 7B. Both mooring dolphins were severely damaged as a result of the allision.

18. As a result of the damage caused by the allision, Plaintiff sustained damages in the amount of at least $673,000.00

## IV. CLAIMS FOR RELIEF

**A.   First Claim for Relief – Negligence Against Defendant Aframax River Marine Co.**

19. Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show this Honorable Court the following:

20. AFRAMAX RIVER MARINE CO., as the owner of the M/T AFRAMAX RIVER, failed to exercise reasonable care in inspecting and maintaining its vessel. Further, AFRAMAX RIVER MARINE CO. knew or should have known that its failure to properly maintain the vessel would result in its unseaworthiness. AFRAMAX RIVER MARINE CO. owed a duty to Plaintiff to ensure that the M/T AFRAMAX RIVER was properly inspected and maintained to avoid

unseaworthiness. By failing to properly inspect and maintain the M/T AFRAMAX RIVER, AFRAMAX RIVER MARINE CO. breached its duty to Plaintiff.

21. Aframax River Marine Co's breach proximately caused Plaintiff's damages. Therefore, Aframax River Marine Co's acts or omissions constitute negligence under the maritime laws of the United States.

**B.     Second Claim for Relief – Negligence Against Defendant Executive Ship Management PTE LTD.**

22. Plaintiff restates and realleges the previous paragraphs as if fully set forth verbatim, and would further show this Honorable Court the following:

23. EXECUTIVE SHIP MANAGEMENT PTE LTD, as the entity managing and operating the M/T AFRAMAX RIVER, owed a duty to Plaintiff to exercise reasonable and prudent care in its operation of the vessel. Through the acts and/or omissions of its agents, employees, and/or representatives, EXECUTIVE SHIP MANAGEMENT PTE LTD breached this duty by failing to act as a reasonably prudent corporation would have under the circumstances. EXECUTIVE SHIP MANAGEMENT PTE LTD'S negligent acts and/or omissions include, but are not limited to the following:

   a. Failing to adequately, properly and/or safely operate the M/T AFRAMAX RIVER and/or its parts and/or components;

   b. Failing to adequately maintain and/or inspect the M/T AFRAMAX RIVER's parts and equipment;

   c. Failing to operate the M/T AFRAMAX RIVER in a manner that would not cause damage to Plaintiff's property;

   d. Failing to follow industry standards in its operation of the M/T AFRAMAX RIVER;

   e. Failing to establish and/or follow proper and adequate controls and/or procedures to ensure the safe operation of the M/T AFRAMAX RIVER; and

    f.  Otherwise failing to use due care under the circumstances.

  24.  Each of the above-referenced acts and/or omissions, singularly or in combination with others, constituted negligence by having the slightest causal relationship with the damages suffered by Plaintiff.  Plaintiff's damages are in excess of this Court's minimum jurisdictional limits.

  25.  Plaintiff would show EXECUTIVE SHIP MANAGEMENT PTE LTD was negligent through its acts and/or omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

**C.**  **Third Claim for Relief – Allision Against Defendant M/T AFRAMAX RIVER**

  26.  The allision and associated damages to Plaintiff's mooring dolphins referenced above were caused solely by the unseaworthiness of the M/T AFRAMAX RIVER or were due to the fault, carelessness and negligence on the part of the employees, servants, master, crew and/or agents of Defendant.

  27.  The allision and losses resulting therefrom, and all damages associated with same, were not caused by any fault, neglect or want of care on the part of Plaintiff or individual or entity for whom Plaintiff was responsible.

**V. MARITIME PRESUMPTION OF FAULT**

  28.  Paragraphs 1-27 above are incorporated by reference into this section as if restated herein in their entirety.

  29.  Defendants are presumed to be at fault by virtue of the maritime law presumption of fault arising when a moving vessel, such as the M/T AFRAMAX RIVER, strikes a stationary object, such as the mooring dolphins owned and/or operated by ITC.

30. Defendants are presumed to be at fault for violations of maritime law, including but not limited to the duty to act with reasonable care to prevent mobile vessels from losing control, becoming hazards to navigation and ultimately alliding with a stationary object resting in a location where it had a lawful right to be.

## VI. JURY DEMAND

31. Plaintiff demands a jury trial and has paid the appropriate fee.

## VII. FOR COURT'S EYES ONLY

32. Plaintiff hereby gives notice to the Court and all parties concerned that various Underwriters issued policies of insurance which insured Plaintiff and which insured a portion of this loss. Pursuant to their subrogation rights under the insurance policies they issued to Plaintiff, Underwriters are real parties in interest and, along with Plaintiff, have brought this lawsuit.

## VIII. DAMAGES

33. Paragraphs 1-30 above are incorporated by reference into this section as if restated herein in their entirety.

34. The Defendants' negligent acts and all other allegations contained herein were the proximate and/or producing cause of damages suffered by ITC. The damages ITC has suffered, or will suffer in the future, as a result of Defendants wrongful acts and/or omissions include, but are not limited to, the following:

(a) Costs of surveying ITC's damaged mooring dolphins from the impact of the M/T AFRAMAX RIVER and subsequent fire;

(b) Diminution in the value of the mooring dolphins, including loss of useful life and value;

(c) Costs of replacing ITC's two mooring dolphins;

(d) Costs of suit, including attorneys' fees;

(e)     Prejudgment interest at the highest rate allowed by law and equity: and

(f)     Post-judgment interest.

35.     Though the precise assessment of Plaintiff's damages will be the subject of expert testimony at trial, Plaintiff alleges the actual damages it has suffered amount to at least $673,000.00.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Intercontinental Terminal Corporation LLC prays the Court, after due proceedings, enter judgment in favor of Plaintiff and against Defendant AFRAMAX RIVER MARINE CO., Defendant EXECUTIVE SHIP MANAGEMENT PTE LTD, and Defendant M/T AFRAMAX RIVER for all damages as set forth herein and for all other relief in law and equity to which ITC may show itself justly entitled.

Respectfully submitted,

**DONATO, MINX, BROWN & POOL, P.C**

*/s/Mark R. Pickering*
Mark R. Pickering
Attorney-In-Charge
Federal ID No. 20963
SBN 00795591
mpickering@donatominxbrown.com
3200 Southwest Freeway
Phoenix Tower, Suite 2300
Houston, Texas 77027-7525
(713) 877-1112 Phone
(713) 877-1138 Fax

**ATTORNEY FOR INTERCONTINENTAL TERMINAL CORPORTION LLC**