United States District Court
Southern District of Texas

**ENTERED**

April 12, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERCONTINENTAL TERMINALS CORP., LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| AFRAMAX RIVER MARINE CO., EXECUTIVE SHIP MANAGEMENT PTE LTD., M/T AFRAMAX RIVER, *Defendants/Third-Party Plaintiffs*, | § § § § § | Civil Action No.: 4:18-cv-3113 |
| v. | § § | |
| SUDERMAN & YOUNG TOWING CO., G&H TOWING CO. AND SEABULK TOWING SERVICES, INC., | § § § § | |
| *Third-Party Defendants*. | § | |

**MEMORANDUM & RECOMMENDATION REGARDING
DISCOVERY DISPUTES AND MOTION TO STRIKE
SUPPLEMENTAL EXPERT REPORTS**

This matter is before the Court on multiple discovery issues raised in letters submitted to the Court by Aframax Marine Co. and Executive Ship Management Pte. Ltd ("Aframax") and Suderman & Young Towing Co., G&H Towing Co., and Seabulk Towing Services, Inc. ("Tug Interests"). *See* ECF No. 71, 73-74. Aframax submitted a letter to the Court on February 9, 2021 requesting an extension of discovery deadlines. ECF No. 71-1. Tug Interests responded by letter dated February 12, 2021. ECF No. 71-2. On March 9, 2021 both parties filed additional letters. ECF No. 71-3, 71-4. Tug Interests filed a letter asking the Court to strike supplemental expert reports as untimely filed and to deny Aframax's request to conduct a Rule 30(b)(6) deposition beyond the discovery deadline. ECF No. 71-3. Aframax responded, arguing the supplemental

reports were necessary due to Tug Interests's belated production of documents and that the parties had previously agreed to conduct Rule 30(b)(6) depositions. ECF No. 71-4.

After receiving the March 9, 2021 letters from the parties, the District Judge referred the disputes raised in the February and March letters for resolution. ECF No. 70. The Court held a hearing on these issues on March 15, 2021 during which it ordered the parties to submit additional briefing, and the parties complied. ECF No. 73, 74. Having considered the letters, the parties' arguments at the hearing, the parties' additional briefing, and the law, the Court **RECOMMENDS** that

> (1) Aframax's Motion to reopen discovery and compel additional responses be **DENIED**;
>
> (2) Aframax's request for a Rule 30(b)(6) deposition of Tug Interests be **DENIED**; and
>
> (3) Tug Interests's Motion to Strike Chourdakis's Second Supplemental Report and Torborg's First Supplemental Report be **GRANTED**.

## I. Aframax's requested extension of discovery has been previously denied.

Aframax has already requested and been denied the extension of the discovery period it is now seeking. At a hearing before Judge Miller on December 2, 2020 Aframax sought to reopen discovery, arguing it was necessary because Aframax had retained new counsel just six days before the discovery deadline and needed additional time to evaluate the case file. ECF No. 73 at 4, 74 at 3. Judge Miller denied the request during and entered an order on January 5, 2021 extending only the expert witness deposition deadline to January 29, 2021. ECF No. 69. In addition, prior to the December 2, 2020 hearing, the discovery and expert deadlines had been extended. *See* ECF No. 71-1 at 1; ECF No. 39, 43, 45, 54 and 69 (various docket control orders).

## II.  Good cause is required to modify the scheduling order.

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).   The Court considers four factors to determine whether good cause exists for modifying the scheduling order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification of the scheduling order; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Id.* at 546.  The district court has discretion to determine whether good cause to grant leave to amend exists.  *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) ("This court reviews a district court's decision denying a motion for leave to amend for abuse of discretion.").  These same factors guide the Court's decision to allow an untimely motion to submit expert reports and to reopen discovery.  *See Hernandez v. Mario's Auto Sales, Inc*., 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.,* 110 F.3d 253, 257 (5th Cir. 1997)) (examining good cause to submit late expert reports); *U.S. v. McFerrin,* Civil Action No. H-05-3730, 2007 WL 4353709, *1 (S.D. Tex. Dec. 11, 2007) (examining good cause to reopen discovery)).

## III.  Aframax has failed to demonstrate the good cause required to reopen discovery.

### A.  Aframax's requests to reopen discovery should be denied.

Having failed in December to convince Judge Miller to extend the discovery deadlines, Aframax now contends that discovery should be reopened, and that it should be allowed to re-depose witnesses because (1) Tug Interests "belatedly produced documents" which disclosed that the *Gasparilla's* winch was not functioning at the time of the incident, and (2) Tug Interests

"withheld documents [relating to the *Jess Newton*] for over two years."  ECF No. 71-1 at 2.  Not only has Aframax failed to show that Tug Interests belatedly produced or intentionally withheld documents, Aframax has failed to establish the good cause required to modify the scheduling order in this case, one which has already been modified at least four times.  *See id*. at 1; ECF No. 39, 43, 45, 54  and 69 (various docket control orders).

   *Documents relating to the Gasparilla's winch.*   Aframax argues that the documents showing the *Gasparilla*'s winch was not working were produced "belatedly" on October 26, 2020 and that these documents "did not come to Aframax's attention until the end of January 2021." ECF No. 71-1 at 2.  What Aframax fails to admit is that the documents were produced in a timely response to a discovery request that Aframax chose to propound approximately one month prior to the close of discovery.  ECF No. 71-2 at 2.  Aframax has not demonstrated that Tug Interests's responses to discovery were "belated," but only that the discovery requests were sent very shortly before the previously extended discovery deadline and after witnesses had been deposed.  The timing of the discovery responses is the result of Aframax's own discovery request and not due to any delay, misconduct, or bad faith by Tug Interests.

   *The two-page report regarding the Jess Newton's winch failure.*  As explained by Tug Interests in their briefing, Tug Interests produced multiple documents referencing the winch malfunction in its Rule 26 Initial Disclosures.  ECF No. 73 at 5.  The Court finds that Aframax has had access to documents putting it on notice of the winch malfunction since April 8, 2019, and it could have pursued discovery of the winch malfunction during the discovery period.  *Id*. (explaining Tug Interests referenced the winch malfunction as part of its Rule 26 Initial Disclosures on April 8, 2019).  The two-page report regarding the winch malfunction on the *Jess Newto*n, which was produced after the close of discovery, does not raise new issues that were not

disclosed in previous discovery.  Furthermore, as explained by Tug Interests, the two-page report was inadvertently withheld because it was stapled to a witness statement and was unintentionally not scanned into Tug Interests's counsel's electronic database.  ECF No. 71-2 at 2.

Essentially, Aframax seeks to reopen discovery to explore whether the condition of the winch on each tug caused or contributed to the allision of the Aframax with the ITC mooring dolphin.  ECF No. 71-1 at 2 (arguing documents produced in October 2020 indicated for the first time the *Gasparilla* winch was defective at the time of the allision); ECF No. 74 at 6 (arguing the two-page report suggests the *Jess Newton* winch failure occurred before the allision and Aframax previously believed the failure occurred after the allision).  However, Aframax has failed to provide a good explanation for its failure to conduct discovery on this issue prior to the discovery deadline.  Aframax was put on notice of the issues with the *Jess Newton* winch in April 2019.  ECF No. 73 at 5.  In addition, Aframax did not propound the discovery requests to which the information regarding the condition of the winch on the *Gasparilla* was responsive until approximately one month prior to the close of discovery.  To the extent Aframax contends the *Gasparilla* documents should have been produced in response to earlier discovery requests, Aframax failed to file a timely motion to compel additional responses or documents.  With respect to the second good cause factor, the importance of the proposed modification of the scheduling order to address the winch issues, Tug Interests contend winch issues are a red herring and irrelevant to the cause of the allision.  Aframax certainly has not demonstrated the importance of the issue since it failed to question witnesses regarding the issues with the winch on the *Jess Newton*, even though the issue was disclosed in documents that were produced prior to the taking of the depositions.  The third factor weighs against finding good cause because reopening of discovery would prejudice Tug Interests, who have already filed motions for summary judgment.  Furthermore, the discovery

period in this case has been extended four times for a period of over one and one-half years. ECF No. 73 at 4. Tug Interests contend any additional delay is prejudicial to them. The Court agrees that the prejudice caused by additional delay and expense cannot be cured by a continuance. Thus, the Court finds Aframax has failed to demonstrate good cause to reopen discovery.

**B. Aframax's request to compel additional discovery responses should be denied.**

As with the request to re-open discovery, Judge Miller has previously addressed Aframax's request to compel Tug Interests to provide supplemental answers to their July 29, 2019 and October 26, 2020 discovery responses. ECF No. 74 at 4 (citing Judge Miller's December 2, 2020 ruling that Aframax must take Tug Interests's counsel at their word that no other ECDIS records or investigative reports exist, and that the discovery deadline would be extended only to complete expert witness depositions). When addressing a motion to compel filed after the expiration of the discovery period, courts consider: (1) the length of time since the expiration of the deadline; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (7) the age of the case; (8) any prejudice to the party from whom late discovery was sought; and (9) disruption of the Court's schedule. *Gonzalez v. Harlingen Consol. Ind. Sch. Dist.*, Civil No. 1:14-CV-57, 2015 WL 12748636, at *2 (S.D. Tex. Oct. 22, 2015) (quotations omitted).

The most recent discovery deadline expired on November 1, 2020, over three months before Aframax wrote the February 9, 2021 letter to the Court again seeking to extend discovery. As stated above and argued by Tug Interests, the discovery deadlines in this case have been extended multiple times. Also, as discussed above, Aframax has failed to provide a good explanation (or really *any* explanation) for its failure to file a timely motion to compel additional

discovery responses. This case has been on file since 2018, dispositive motions have already been filed, and Tug Interests argue that they have begun to prepare for trial and will be prejudiced by any further delays. Obviously, requiring Tug Interests to provide additional discovery responses imposes additional costs. Finally, this case is currently set for docket call on June 25, 2021 and re-opening discovery would require the Court to schedule a new docket call date. Although Aframax is correct that the close of discovery does not *necessarily* foreclose a motion to compel, the Court finds Aframax has failed to demonstrate good cause for compelling the production of additional discovery responses after the close of discovery.

### C. Aframax's motion for a Rule 30(b)(6) deposition of Tug Interests should be denied.

In addition to arguing that discovery in general should be reopened, Aframax also argues it should be permitted to conduct a Rule 30(b)(6) deposition of Tug Interests because the parties previously agreed to conduct depositions of corporate representatives. Counsel for Aframax contends that, as new counsel at the time of the December 2, 2020 hearing wherein Judge Miller denied the request to conduct additional depositions, Aframax counsel was unaware that the parties had an agreement regarding Rule 30(b)(6) depositions. The exhibits submitted by Aframax demonstrate that, in September and mid-October 2020, the parties were discussing a Rule 30(b)(6) deposition. ECF No. 74-1 at 3-6. On October 12, 2020 counsel for one of the Tug Interests emailed Aframax's counsel asking for the topics to be covered in the deposition so the appropriate corporate deponent could be identified. *Id*. at 2-3 ¶¶ 4-6; *id*. at 4-5. Aframax has not demonstrated that it ever responded to the Tug Interests with the topics for the corporate representative depositions and has not demonstrated that it ever noticed the depositions prior to the discovery deadline. Furthermore, nothing in the parties' correspondence demonstrates an agreement to extend the discovery deadline in order to allow Aframax to conduct a Rule 30(b)(6) deposition it

initially requested in September 2020, more than a month before the discovery deadline. Aframax has demonstrated that, prior to the close of discovery, the Tug Interests were willing to produce corporate representatives for depositions, but has failed to provide a good explanation for its failure to provide a list of topics or notice the depositions prior to the discovery deadline. Nor has Aframax demonstrated that importance of the depositions it seeks. Furthermore, Tug Interests will be prejudiced by incurring additional costs in preparing and presenting corporate representative witnesses and that prejudice cannot be cured with a continuance. The motion to compel Rule 30(b)(6) depositions of Tug Interests should be denied.

### D.   Tug Interests' Motion to Strike the supplemental expert reports should be granted.

Tug Interests have moved to strike two of Aframax's experts' supplemental reports. Aframax submitted the report of Michael Chourdakis, its tug expert, and Douglas Torborg, its navigation expert, on July 17, 2020. ECF No. 73 at 11. Tug Interests produced the responsive reports of their experts on August 19, 2020. *Id.* Aframax then submitted a rebuttal report from Chourdakis on September 18, 2020. *Id.* All of these expert report submissions complied with the expert disclosure deadlines in effect at that time. ECF No. 54.

Judge Miller ordered on January 5, 2021 that no additional discovery would be permitted in the case, and that expert depositions were to be completed by January 29, 2021. ECF No. 69. Chourdakis was scheduled to be deposed on January 14, 2021, but his deposition was postponed after he submitted Addendum 1 to his expert report, which Aframax claimed was necessary to address information included in Tug Interests's October 26, 2020 discovery responses. ECF No. 73 at 12. Tug Interests were willing to allow Chourdakis to testify regarding the information in Addendum 1 but sought additional time to prepare for the deposition, so it was rescheduled for mid-February 2021. *Id.*

On February 11, 2021, Aframax produced Addendum 2 to Chourdakis's expert report, which expanded on his rebuttal report issued on September 19, 2020 and on his Addendum 1 issued in January.  *Id.*  Addendum 2 offered opinions regarding the winch issues on the *Jess Newton* and the *Gasparilla*, as well as the speed of the AFRAMAX.  *Id.*  The following day, February 12, 2021, Torborg issued a supplement to his July 17, 2020 report, which presented new opinions, including opinions about documents that had been available since April 2019—before he issued his initial report.  *Id.* at 12-13.  Because Tug Interests objected to Chourdakis's Addendum 2 and Torborg's Supplement, the parties agreed to postpone expert depositions until the matter was resolved by the Court.  While Tug Interests agreed to allow Chourdakis to testify regarding Addendum 1, they seek to strike Chourdakis's Addendum 2 and Torborg's Supplement. Chourdakis's Addendum 2 and Torborg's Supplement were prepared and produced beyond the expert designation deadline and should be struck unless Aframax can demonstrate good cause for the late supplemental reports.

When determining whether to exclude expert evidence submitted in violation of a scheduling order, courts consider (1) the explanation for the failure to identify the witness (or, in this case, the testimony); (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice.  *Certain Underwriters at Lloyds, London v. Axon Pressure Prod., Inc*., 951 F.3d 248, 270 (5th Cir. 2020) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 7791 (5th Cir. 1990)).  Aframax's explanation for submitting the additional reports beyond the expert deadline is that the experts needed to address new information regarding the condition of the winches on the *Gasparilla* and *Jess Newton* that was received after the experts issued their original reports in July 2020.  The "new information" consists of the same information discussed above with respect to the motion to re-open

discovery—the October 26, 2020 discovery responses demonstrating the *Gasparilla* winch was not working, and the two-page report regarding the winch breakdown on the *Jess Newton*.  For the same reasons explained in prior sections of this Memorandum and Recommendation, Aframax has failed to provide a sufficient explanation for its failure to address this information in the original expert reports.  The issues regarding the mechanical failure of the winch on the *Jess Newton* were disclosed as early as April 2019.  ECF No. 73 at 5.  The issues regarding the winch on the *Gasparilla* were timely disclosed in response to discovery requests propounded in September 2020.  ECF No. 71-2 at 2.  Aframax has not offered any explanation for why it failed to request the information earlier or file a motion to compel prior to the expert deadline.

In addition, Aframax has failed to demonstrate the importance of the testimony or new opinions in the objected-to supplemental reports.  The bulk of Aframax's response to the motion to strike argues that the supplemental reports are merely the type of supplementation allowed under and, in fact, required by the Federal Rules of Civil Procedure.  ECF No. 74 at 10-13.  Aframax fails to specifically describe the importance of Chourdakis's opinions in Addendum 2.  With respect to Torborg's Supplemental report,  Aframax states in part that it "addresses the fact that crewmembers onboard the *Jess Newton* were untruthful in their depositions and have provided inconsistent testimony."  *Id.* at 13 (emphasis added).  Whether a fact witness gave truthful testimony is a question for the factfinder and is not a proper topic for an expert opinion.  Therefore, Aframax has failed to demonstrate that Torborg's testimony is important to the case.

Finally, as with the motions to re-open discovery and compel additional discovery responses, Tug Interests have demonstrated that they will be prejudiced by allowing the supplemental expert testimony and that the prejudice cannot be cured by a continuance.  If Aframax's experts were allowed to issue new opinions at this late stage in the litigation, Tug

Interests would likely be required to conduct additional discovery and produce additional reports from their own experts to rebut any new opinions. The additional cost of the discovery, the effect of new expert reports on the pending motions for summary judgment, and the effect of new expert reports on Tug Interests's preparation for trial to date, cannot necessarily be cured by a continuance.

## IV. Conclusion

In sum, Aframax has failed to demonstrate good cause to extend the discovery deadline, re-open depositions, compel additional responses to discovery, or issue supplemental expert reports. Therefore, Aframax's Motion to reopen discovery and compel supplemental discovery responses should be denied. It is, therefore, **RECOMMENDED** that

(1) Aframax's Motion to reopen discovery and compel additional responses be **DENIED**;

(2) Aframax's request for a Rule 30(b)(6) deposition of Tug Interests be **DENIED**; and

(3) Tug Interests' Motion to Strike Chourdakis's Second Supplemental Report and Torborg's First Supplemental Report be **GRANTED**.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 12, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge