United States District Court
Southern District of Texas
**ENTERED**
August 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERCONTINENTAL TERMINALS CORP., LLC, | § § § |
| *Plaintiff,* | § § |
| v. | § § |
| AFRAMAX RIVER MARINE CO., EXECUTIVE SHIP MANAGEMENT PTE LTD., and M/T AFRAMAX RIVER, | § § § § |
| *Defendants/Third-Party Plaintiffs,* | § CIVIL ACTION H-18-3113 § § |
| v. | § § § |
| SUDERMAN & YOUNG TOWING CO., G&H TOWING CO., and SEABULK TOWING SERVICES, INC., | § § § § |
| *Third-Party Defendants.* | § § |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to stay litigation proceedings filed by defendants Aframax Marine Co. and Executive Ship Management Pte, Ltd. (collectively, "Aframax"). Dkt. 86. Having considered the motion, response, reply, and the applicable law, the court is of the opinion that the motion (Dkt. 86) should be DENIED.

**I. BACKGROUND**

This case arises from the allision of Aframax's vessel with two mooring dolphins while escorted by two tugs owned or operated by Suderman & Young Towing Co., G&H Towing Co., and Seabulk Towing Services, Inc. (collectively, "Tug Interests"). After a lengthy discovery period spanning over a year and a half, including four extensions, discovery closed on November 1, 2020. Dkt. 79. The court has twice rejected Aframax's arguments to extend or reopen the

discovery period. Dkts. 79, 84. The case was set for docket call on June 25, 2021, but the COVID-19 pandemic forced a continuance. Dkts. 69, 85. Aframax has now petitioned the National Transportation Safety Board ("NTSB") to reconsider its investigation report and moves for a stay pending the NTSB's potentially reopened investigation. Dkt. 86.

## II. LEGAL STANDARD

The power to stay a case is an inherent power of the court to control its docket with "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). It comes from the court's "authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Analysis of a motion to stay involves weighing competing interests and maintaining an even balance. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). The moving party bears the burden of justifying a delay. *Id.*

## III. ANALYSIS

The discovery period in this case has been extended four times, and trial further delayed by COVID-19. Dkts. 79, 84, 85. Tug Interests argues that because discovery closed almost a year ago and it is ready for trial, any additional delay is prejudicial. Dkt. 87. The court has previously agreed that further delay would cause prejudice and expense for Tug Interests. Dkts. 79, 84. The court's opinion on this matter has not changed. Therefore, Aframax bears the burden of presenting justification for delay that outweighs the prejudice to Tug Interests. It has failed to do so.

Aframax argues that a stay is warranted because it has petitioned the NTSB to reconsider its investigation report after obtaining new information. Dkt. 86. The petition for reconsideration claims that new documentary evidence about the escort tugs' winches warrants reopening the

NTSB's investigation. Dkt. 87, Ex. A. This supposedly new information is not new to the court. Aframax tried to reopen discovery with the same argument, contending that Tug Interests delayed producing some documents while deliberately withholding others. Dkt. 79. The court adopted the amended memorandum and recommendation of the Magistrate Judge rejecting this argument. Dkt. 79, 84. The timing of the allegedly delayed documents was the result of Aframax's own choices. Dkt. 79. The allegedly withheld documents were not initially disclosed because of a scanning error, and the information contained in those documents did not raise new issues. *Id*. There was not good cause to reopen discovery because Aframax was unable to explain why it had not conducted discovery on the matter already and was unable to demonstrate the issue was important enough to overcome the prejudice to Tug Interests. *Id*. Presenting the same argument in an NTSB petition does not justify a delay that would outweigh the prejudice to Tug Interests.

Aframax also argues that if the NTSB happens to reopen its investigation, and it was still ongoing at the time of trial, Aframax would be unable to use information obtained at trial due to restrictions imposed by the NTSB regulations. Dkt. 86. Essentially, Aframax wishes to use the NTSB's potentially reopened investigation as an additional discovery mechanism, and if the trial occurs before the NTSB finishes, that goal would be thwarted. The discovery in this case closed on November 1, 2020, after multiple extensions. Dkt. 79. The court has previously denied Aframax's attempts to extend or reopen discovery twice. Dkts. 79, 84. An attempted end-run around these denials is not valid justification to stay the case.

Finally, Aframax cites to a string of non-binding, factually distinct cases where litigation was stayed pending an NTSB investigation. Dkt. 86. The court agrees that there are situations

where staying litigation pending an NTSB investigation would be proper. This is not such a case. Aframax has failed to meet its burden to justify the delay.

## IV. CONCLUSION

The motion to stay litigation proceedings (Dkt. 86) is DENIED.

Signed at Houston, Texas on August 27, 2021.

Gray H. Miller
Senior United States District Judge