United States District Court
Southern District of Texas
**ENTERED**
January 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERCONTINENTAL TERMINALS CORP., LLC, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>AFRAMAX RIVER MARINE CO., EXECUTIVE SHIP MANAGEMENT PTE LTD., and M/T AFRAMAX RIVER, §<br>§<br>§<br>*Defendants/Third-Party Plaintiffs*, §<br>§<br>v. §<br>§<br>SUDERMAN & YOUNG TOWING CO., G&H TOWING CO., and SEABULK TOWING SERVICES, INC., §<br>§<br>§<br>*Third-Party Defendants*. § | CIVIL ACTION H-18-3113 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is third-party plaintiff Aframax River Marine Company's ("Aframax") emergency motion to strike four pre-trial motions as untimely or in the alternative grant a ninety-day continuance. Dkt. 98. The emergency motion also requested that the court permit remote video conferencing at trial due to the threat of the Omicron variant. *Id.* The court has reset the trial date for May 16, 2022, due to the surge in COVID-19 cases caused by the Omicron variant but has not yet ruled on the motion to strike. *See* Dkt. 101. After reviewing the motion, response, court procedures, and applicable law, the court is of the opinion that Aframax's motion to strike should be DENIED and finds the alternative motion for a continuance is MOOT.

Case 4:18-cv-03113   Document 104   Filed on 01/19/22 in TXSD   Page 2 of 5

## I. BACKGROUND

The scheduling order's deadline for pretrial motions—including *Daubert/Kumho* motions, but not including other motions in limine—passed on February 19, 2021. Dkt. 69. On December 30, 2021, third-party defendants Suderman & Young Towing Company and G&H Towing Company (collectively, "Tug Interests") filed four pretrial motions:

- "Motion to Strike Expert Designation of Kostas J. Spyrou, Alternative Motion to Exclude Report and Testimony" (Dkt. 94);

- "Motion to Exclude Testimony of Douglas M. Torborg" (Dkt. 95);

- "Motion in Limine to Designate Certain Facts Contained Within a Belatedly-Produced Aframax Incident Investigation Report as Established for Trial" (Dkt. 92); and

- "Motion in Limine Regarding Aframax's Spoliation of Evidence" (Dkt. 93).

Trial was scheduled to start on January 24, 2022, a mere twenty-five days after the filing of these motions. Dkt. 90. On January 4, 2022, Aframax filed the instant emergency motion requesting that the court strike these four motions as untimely or in the alternative grant a ninety-day continuance. Dkt. 98 at 1. The emergency motion also asked that the court allow virtual appearances at the bench trial for Aframax's lead counsel and three overseas witnesses. *Id.* at 1.

The court held a telephone conference with the parties on January 6, 2022. Dkt. 100. At that conference, the court determined that the surge of COVID-19 cases due to the Omicron variant merited a continuance of the trial. *Id.* As a result, the bench trial was reset for May 16, 2022. Dkt. 101. Further, the court re-opened discovery, limited to taking the depositions of the trial witnesses. Dkt. 100. In the increasingly likely event that the COVID-19 pandemic still poses a health concern for proceedings on May 16, 2022, the court will rely on the depositions rather than

2

permit virtual proceedings for the international witnesses. *Id.* The court will entertain a motion for Aframax's lead counsel to appear remotely, if necessary, at that time. *Id.* Finally, the court ordered Tug Interests to respond by January 10, 2022, if they wished to oppose the motion to strike. *Id.* Tug Interests timely filed their response. Dkt. 103.

## II. Legal Standard

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala. N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright and Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). The Fifth Circuit considers four factors when determining whether there is good cause to amend: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (cleaned up).

## III. Analysis

Two of Tug Interests' motions go to the admissibility of Aframax's expert witness testimony and are subject to the pretrial motion deadline as *Daubert* motions. *See* Dkts. 94, 95. Though styled as motions in limine, the other two motions are discovery disputes seeking sanctions in the form of evidentiary rulings that are also subject to the pretrial motion deadline. *See* Dkts. 92, 93. Despite being filed after the deadline, the court finds good cause to amend the scheduling order and permit all four motions.

The Fifth Circuit considers four factors when determining whether there is good cause to amend. *S & W Enters.*, 315 F.3d at 536. First, Tug Interests must explain their failure to timely move for leave to amend. *See id.* Tug Interest adequately explains this failure by showing delays in discovery that were not resolved until well after the motion deadline. Dkt. 103 at 2. Aframax admits that the discovery delays would make it "unfair to hold the parties to the February 19, 2021 deadline." Dkt. 98 at 3. Thus, the first factor weighs in favor of finding good cause to amend.

Second, Tug Interests must show the importance of the amendment. *S & W Enters.*, 315 F.3d at 536. Tug Interests argues that "a resolution of these issues would potentially streamline the legal issues that will ultimately be presented at trial." Dkt. 103 at 3. This argument is persuasive. The court finds the efficiency of determining these issues before trial sufficient to show the importance of the amendment. Thus, the second factor weighs in favor of finding good cause to amend.

Finally, the court must consider the potential prejudice the amendment would cause Aframax and whether a continuance would cure that prejudice. *S & W Enters.*, 315 F.3d at 536. The court requires the pretrial motion deadline to be at least three months prior to docket call. J. Miller Ct. P. 8. Aframax admits that if Tug Interests had moved for leave to amend the scheduling order in October 2021, three months before the January trial date, then it would have been fair to allow the four pretrial motions at that time. Dkt. 98 at 3. The court concludes that because the trial has been delayed until May 16, 2022, four months away, the same reasoning applies now, and whatever prejudice the amendment may cause is cured by the continuance previously granted.

4

The analysis of all four factors favors a finding of good cause to amend the scheduling order. Therefore, Aframax's motion to strike is DENIED. Further, Aframax's alternative motion for a ninety-day continuance is MOOT because the court has already reset the trial date for May 16, 2022.

### IV. CONCLUSION

For the reasons stated above, the court finds there is good cause to amend the scheduling order and permit Tug Interests' four pretrial motions. Thus, Aframax's motion to strike (Dkt. 98) is DENIED, and the alternative motion for a continuance is MOOT. The deadline for Aframax to respond to Tug Interests' four pretrial motions (Dkts. 92–95) is set for February 9, 2022.

Signed at Houston, Texas on January 19, 2022.

_____
Gray H. Miller
Senior United States District Judge