GAÏTAS & CHALOS, P.C.
Shipping Lawyers

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800; Fax: 832-962-8178; Greece: +30 694-612-1006

**January 20, 2023**
*Via cm/ECF*

To:  Honorable Judge George C. Hanks, Jr.
United States Courthouse
515 Rusk Avenue, Room 6202
Houston, Texas 77002

Re:  *Intercontinental Terminals Company, LLC v. Aframax River Marine Co., et al.*
Civil Action No. 4:18-cv-3113, United States District Court for the Southern District of Texas

Dear Judge Hanks -

On behalf of Third-party Plaintiffs' Aframax River Marine Co. and Executive Ship Management Pte. Ltd. ("Vessel Interests"), we write to the Court in accordance with the Court's minute entry (Doc. 186) for the motion hearing held on January 18, 2023 regarding the attendance of Capt. Arvind Kumar at the February 6, 2023 trial setting.

After the hearing on January 18, 2023, undersigned counsel reported the substance of the hearing to their clients and provided them the corresponding minute entry. (Doc. 186). Today, January 20, 2023, Vessel Interests provided undersigned counsel with instructions and a further update regarding Capt. Kumar's attendance at trial. We are advised that last week, Vessel Interests already began making arrangements to have Capt. Kumar removed from his Very Large Crude Carrier ("VLCC") on an emergency basis. We are further advised today, based upon an updated vessel itinerary, Vessel Interests anticipate Capt. Kumar will be removed from his VLCC on an emergency basis with enough time to travel to Houston to testify live at the trial set to begin on February 6, 2023. Accordingly, Vessel Interests will do whatever it takes and incur whatever substantial costs are necessary to have Capt. Kumar attend the trial on February 6, 2023 live, if the Court is unable to provide a May and/or alternative trial setting that does not altogether require the emergency evacuation of Capt. Kumar from his VLCC.

As the Court appreciates, this is a complex claim that hinges on what happened on September 6, 2016, in the Port of Houston, over a six (6) minute span leading up to the allision. Vessel Interests believe that Capt. Kumar's testimony is vital and indispensable to their case, as he is the only eyewitness who was in command of the AFRAMAX RIVER at the time of the incident, and the only witness for Vessel Interests that is able, as the master of the vessel, to testify to: the AFRAMAX RIVER's specific movements leading up to the allision based on his commands, perception and the AFRAMAX RIVER's Electronic Chart Display and Information System ("ECDIS"); interaction between the vessel and the Pilots on the bridge of the vessel; interaction between the tugboats and the vessel as perceived from the bridge of the vessel; and shipboard records (e.g. ECDIS) that he was not questioned over in his discovery deposition. Capt. Kumar's testimony will essentially consist of a minute-by-minute account of the AFRAMAX RIVER's movements during the undocking maneuver as he perceived the events unfold and as backed up by the records of the vessel, including its ECDIS.

Capt. Kumar was never questioned over the vessel's ECDIS during his discovery deposition. The ECDIS records and recordings were disclosed to Tug Interests early on in discovery and its use as a means of

GAÏTAS & CHALOS, P.C.
Shipping Lawyers

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800;  Fax: 832-962-8178;  Greece: +30 694-612-1006

proof is also noted in the Joint Pretrial Order. (Doc. 141, pp. 9, 13, 41, 42).  Tug Interests have made no objection to the vessel's ECDIS being admitted into evidence in this trial. The vessel's ECDIS is the most accurate evidence regarding the vessel's movements and speed leading up to the allision. Capt. Kumar's testimony in this form, with reference to the ECDIS real time chart, provides a pictorial-like image of the navigation chart with nearby fixed and moving objects.  It also includes important vessel information, including a record of second-by-second timing of speed over ground, heading etc.

      Tug Interests did not videotape the deposition of Capt. Kumar.  Moreover, in their deposition of Capt. Kumar, Tug Interests questioned Capt. Kumar over the Voyage Data Recorder (VDR) from the AFRAMAX RIVER.  However, the VDR does not provide the same information as ECDIS; does not provide a pictorial-like image of the vessel's movements; and it was played for Capt. Kumar *off the record* (p. 111:17-18 of Capt. Kumar's discovery deposition) before he was questioned over its contents in the course of his deposition. Therefore, it is virtually impossible to follow Tug Interests' line of questioning and Capt. Kumar's responses as it relates to specific portions of the VDR based off Capt. Kumar's discovery deposition transcript alone.

      Moreover, there are portions of Capt. Kumar's testimony that are based on incorrect data and/or inaccurate representations made by Tug Interests' counsel in regard to the timing of events.  For example, Tug Interests' counsel stated  "Well, if I were to tell you that testimony VDR recording at minute – 5 minutes and 8 seconds had a recording that said --- and I quote – "Fire back here in the fuel tank, there is fire back here, fire back here," you don't have any reason to think that that's incorrect or in error, do you?" (p. 126:12-17 of Kumar's discovery deposition).  However, the objective evidence shows that the AFRAMAX RIVER had not yet made contact with the mooring dolphin at 5 minutes and 8 seconds after midnight, and thus, there was no fire at that time. By way of further example regarding timing, Tug Interests' counsel even admits in the deposition that "again, recognizing that these may not match up, what time did you – what was happening at 2:44?" (p. 139:11-13 of Kumar's discovery deposition).  Tug Interests' representations on which they base their questioning in this context is erroneous. Given how crucial those six (6) minutes are in the disposition of this case, it is imperative that Capt. Kumar be able to testify regarding the accurate sequence of events leading up to the allision based on his perception and the vessel's ECDIS.

      Without Capt. Kumar, Vessel Interests will have no live witnesses at trial who were actually onboard the AFRAMAX RIVER at the time of the allision, and he is the only witness able to testify with reference to the AFRAMAX RIVER's ECDIS, which was not covered in his discovery deposition. This evidence coupled with Capt. Kumar's testimony will provide the Court with the vessel's perspective of what occurred.

      Lastly, Vessel Interests' navigation expert witness, Capt. Doug Torborg, currently remains in the hospital, and he is unable to appear at the February 6, 2023 trial setting.

Respectfully submitted,

GAITAS & CHALOS, P.C.

/s/Jonathan M. Chalos
George A. Gaitas
Jonathan M. Chalos

1908 N Memorial Way, Houston, Texas 77007
Office: 281-501-1800;  Fax: 832-962-8178;  Greece: +30 694-612-1006

*Attorneys for Aframax River Marine Co.; M/T AFRAMAX RIVER; Executive Ship Management Pte Ltd*

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, a copy of the foregoing was served pursuant to Federal Rule of Civil Procedure 5 on all counsel and/or parties of record.

/s/Jonathan M. Chalos
Jonathan M. Chalos