

717 Texas Avenue | Suite 1400 | Houston, TX 77002
blankrome.com

**JEREMY A. HERSCHAFT**
PARTNER

**DIRECT LINE** (713) 632-8653
**TELECOPIER** (713) 228-6605
Jeremy.Herschaft@BlankRome.com

January 23, 2023

The Honorable George C. Hanks
United States District Judge
Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002                                          *VIA E-FILING*

Re:   Cause No. 4:18-cv-3113; *Intercontinental Terminal Corporation, LLC vs. Aframax River Marine Co., et al.;* In the United States District Court for the Southern District of Texas – Houston Division

Dear Judge Hanks:

Third-Party Defendants Suderman & Young Towing Company and G&H Towing Company (collectively, the "Tug Interests") respond to the Vessel Interests' ("ARM") letter submitted to the Court on January 20, 2023 ("the letter") regarding Captain Kumar's anticipated live testimony at trial.

Tug Interests look forward to the opportunity to cross-examine Captain Kumar at the commencement of the trial on February 6, 2023.  Tug Interests are intrigued by the notion in ARM's letter that records from the AFRAMAX RIVER's Electronic Chart Display and Information System ("ECDIS") will provide a basis for Captain Kumar to give a *new* version of events that differ from the clear testimony he already gave under oath at his deposition based on the records from the vessel's Voyage Data Recorder ("VDR"), which is the equivalent of the ship's black box. In this instance, the AFRAMAX RIVER VDR records Master Kumar's own voice and commands during the incident.  It is well-recognized in maritime litigation that the ECDIS and VDR have essentially the same data.  *See, e.g.*, *ADM Int'l SARL v. River Ventures, LLC*, 441 F. Supp. 3d 364, 369 (E.D. La. 2020) (commenting with respect to vessel ECDIS and VDR: "These sources of electronic data are consistent with proven industry standards, corroborate each other, and are reliable.").

Tug Interests do not dispute that the ECDIS records are listed in the parties' joint exhibit list, nor do Tug Interests dispute their admissibility.  Tug Interests simply wish to remind ARM that Captain Kumar's prior sworn deposition testimony is also listed in the parties' joint exhibit list.  Contrary to Vessel Interests' contention that "it is virtually impossible to follow Tug Interests' line of questioning and Capt. Kumar's responses as it relates to the specific portions of the VDR

The Honorable George C. Hanks
January 23, 2023
Page 2

based off Capt. Kumar's Discovery transcript," Tug Interests anticipate that the Court will find the transcript—and Capt. Kumar's fluency in English[1]—clear enough. Master Kumar's own testimony speaks for itself, and ARM's third counsel cannot use the ECDIS as a distraction to augment his prior testimony (which was very unfavorable to ARM's claims).

Tug Interests dispute any specious suggestions by ARM regarding non-existent discrepencies between the VDR and ECDIS data. They are trying to split electronic hairs. As various courts have noted and experienced, it is not uncommon in maritime cases that the "clocks" for the VDR and ECDIS systems may be set a few minutes off, but that does not mean that their records show different durations or sequences of events—to the contrary, the VDR and ECDIS in this case retroactively demonstrate that their records generally align. This underscores the skepticism with which Tug Interests respond to the insinuation that the ECDIS records provide any foundation for Captain Kumar to tell a new story at trial that differs from the one he already told in his deposition. In this case, there are no relevant differences between the VDR and ECDIS data. Captain Kumar's deposition testimony was consistent with the vivid electronic and audio VDR footage that shows the AFRAMAX RIVER encountered a runaway engine at the begining of its undocking manuver, that its crew was inept in appreciating that fact, and that the tugs responded with great courage and professionalism. At no time during Captain Kumar's deposition did he criticize the tugs or pilots. Captain Kumar cannot unring that bell, and neither can ARM's third counsel. Tug Interests nonetheless respect ARM's right to call him to testify in their case in chief, and welcome the opportunity to cross-examine him in person.[2]

Finally, Tug Interests appreciate the advance notification that Captain Torborg will not testify live at the February 6 trial, and send their best wishes for his health. Nevertheless, Tug Interests request that Vessel Interests make arrangements for Captain Torborg to testify at the February 6 trial via Zoom, if Captain Torborg is to testify at all, and oppose entry of any testimony by Captain Torborg in this case after the conclusion of Vessel Interests' case in chief.

---

[1] Contrary to Vessel Interests' representation in the status conference before the Court on January 18, 2023, Captain Kumar was not "confused" when he testified truthfully under oath in his deposition because of purported language difficulties. Captain Kumar had an interpreter at his disposal for the entire deposition, and not once requested interpretive assistance. He capably testified, and he represented under oath that his "[n]ative language is Hindi and English"—a language which he said he has spoken since he was six or seven years old. Kumar Deposition 13:6-15.

[2] Captain Kumar's availability for trial appears to be a moving target (recently he was not available until May, then possibly by February 20, and now it appears he is available for the start of trial on February 6). If Captain Kumar is unavailable to testify during Vessel Interests' case in chief, Tug Interests request that no further delay of the trial be granted to allow Captain Kumar's testimony.

The Honorable George C. Hanks
January 23, 2023
Page 2


Respectfully,

**BLANK ROME LLP**

Jeremy A. Herschaft

| | | |
|---|---|---|
| cc: | Jonathan M. Chalos | *Via E-Filing* |
| | George A. Gaitas | *Via E-Filing* |
| | GAITAS & CHALOS, P.C. | |
| | 1908 N. Memorial Way | |
| | Houston, Texas 77007 | |